UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

OSCAR PRODUCE INC.,

                 Plaintiff,

– against –

JUCEDARO LLC and ALAN MALEH,

                 Defendants.

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**

25-cv-513 (ERK) (LKE)

Korman, *J.*:

    Plaintiff Oscar Produce Inc. alleges a violation of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499 *et seq.*, against Defendants Jucedaro LLC and its officer and director Alan Maleh. ECF No. 1. Presently pending is Plaintiff's emergency motion for an *ex parte* temporary restraining order ("TRO"). ECF Nos. 3, 4.

    Under PACA, "buyers of produce subject to PACA are required to hold proceeds from the sale of such produce in trust for the benefit of the sellers." *Horizon Mktg. v. Kingdom Int'l, Ltd.*, 244 F. Supp. 2d 131, 135 (E.D.N.Y. 2003) (citing 7 U.S.C. § 499e(c)(2)). "This is meant to ensure that sellers are paid in full from the proceeds derived from the re-sale of the produce." *Id.* PACA authorizes district courts to issue the injunctive relief Plaintiff seeks. 7 U.S.C. § 499e(c)(2).

1

Trust beneficiaries, like Plaintiff, seeking a TRO under PACA must satisfy the usual requirements for an injunction, including a showing of "(a) irreparable harm and (b) either (1) likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party seeking preliminary relief." *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund, Inc.*, 598 F.3d 30, 35 (2d Cir. 2010); *see also Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) ("It is well established that in [the Second] Circuit the standard for an entry of a TRO is the same as for a preliminary injunction.").

Critically, Plaintiff seeks a TRO without providing Defendants notice or an opportunity to be heard, "an extraordinary remedy that will not be granted lightly." *Jackson v. Johnson*, 962 F. Supp. 391, 392 (S.D.N.Y. 1997). An *ex parte* TRO may only issue when:

> (A) *specific facts* in an affidavit or a verified complaint *clearly show* that *immediate and irreparable injury*, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphases added). Plaintiff contends that notice will afford Defendants an opportunity to dissipate the trust, and because PACA trust assets are nearly impossible to recover once dissipated, an *ex parte* TRO is necessary to maintain the status quo. ECF No. 4-5 at 4. The Court agrees that

2

dissipation of PACA trust assets constitutes a form of irreparable harm that may justify issuance of a TRO. However, Plaintiff has not clearly shown, with specific facts, that there is an imminent danger that dissipation of trust assets is occurring or will occur. The materials submitted indicate that Defendants failed to meet the set repayment schedule resulting in default, cannot pay Plaintiff in full, and continue to seek delays of repayment to secure a loan. *See* ECF No. 4-4. This showing does not clearly demonstrate a dissipation of trust assets to warrant the extraordinary relief of an *ex parte* TRO. *See Lester Altman Produce Co. Inc. v. Fruit Fresh Up, Inc.*, No. 13-CV-213, 2013 WL 888076, at *2 (W.D.N.Y. Mar. 8, 2013) ("[T]he fact that Plaintiff has not been paid by Defendants" did not justify an *ex parte* TRO under PACA); *D'Arrigo Bros Co. of N.Y. v. Gramercy Produce Inc.*, No. 24-CV-4841, 2024 WL 3329787, at *1 (S.D.N.Y. June 26, 2024) (denying motion for *ex parte* TRO because plaintiff failed to "clearly show[] that there is an imminent danger that dissipation of trust assets will occur"). Indeed, the language in the text and e-mail exchanges Plaintiff submitted could speak to a struggling business that is not profiting enough to recoup the amount it owes to Plaintiff and place said amount in trust for timely scheduled payments, which resulted in default. ECF No. 4-4.

With additional information, Plaintiff may well demonstrate that it is entitled to a TRO. However, with the information currently in the record, the Court

3

declines to grant the requested emergency relief that could further endanger Defendants' business and the existing trust assets without providing Defendants notice and an opportunity to be heard.

## CONCLUSION

Plaintiff's motion for a TRO is denied, insofar as it is requested on an *ex parte* basis, without prejudice to renewal upon notice to Defendants. Plaintiff may proceed to move for a TRO after Defendants have been provided notice. To that end, Plaintiff is directed to serve Defendants with the Complaint and all docketed entries in this case, including this Order, and file proof of service on the docket by February 3, 2025. Subsequently, the Court will order Defendants to show cause why Plaintiff's motion for a TRO should not be granted. After the order to show cause hearing, a briefing schedule on Plaintiff's motion for a preliminary injunction will be ordered.

SO ORDERED.

*Edward R. Korman*

Brooklyn, New York
January 31, 2025

Edward R. Korman
United States District Judge